**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

SECURITIES AND EXCHANGE
COMMISSION,

   Plaintiff,

v.

DONALD LINDO,

   Defendant.

Civil Action No. TDC-17-1293

**ORDER**

On November 25, 2019, United States Magistrate Judge Gina L. Simms filed a Report and Recommendations in which she recommended that this Court GRANT the Motion for Default Judgment filed by the Securities and Exchange Commission. Objections to that Report and Recommendation were due on December 12, 2019. *See* Fed. R. Civ. P. 72(b)(2). That deadline has now passed, and the Court has received no objections.

Accordingly, upon review of Judge Simms's Report and Recommendations, it is hereby ORDERED that:

1. Judge Simms's Report and Recommendation, ECF No. 31, is ADOPTED as an Order of the Court.

2. The Securities and Exchange Commission's Motion for Default Judgment, ECF No. 29, is GRANTED, and the Securities and Exchange Commission is granted relief as set forth below.

3. The Clerk is directed to CLOSE this case.

## I.

### SECTIONS 17(a)(1) and 17(a)(3) OF THE SECURITIES ACT OF 1933

IT IS HEREBY ORDERED AND ADJUDGED that Defendant Donald Lindo is permanently restrained and enjoined from violating Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud; or

(b)     to engage in any transaction, practice, or course of business which operates

or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED AND ADJUDGED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

### CIVIL PENALTY

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that Lindo shall pay civil penalty in the amount of $75,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). Lindo shall satisfy this obligation to pay a civil money penalty by paying $75,000 to the Securities and Exchange Commission within **14 days** after entry of this Judgment.

Lindo may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at:

http://www.sec.gov/about/offices/ofm.htm

Lindo may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur
Boulevard Oklahoma City, OK
73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Lindo as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Lindo shall simultaneously transmit photocopies of evidence of payment and case identifying information to Christine Nestor, Esq., the Commission's trial counsel in this action. By making this payment, Lindo relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Lindo. The Commission shall send the funds paid pursuant to this Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

### III.

### PENNY STOCK BAR

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), Lindo is permanently barred from participating in an offering

of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## IV.

## OFFICER AND DIRECTOR BAR

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## V.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Default Judgment.

Date:  December 17, 2019

THEODORE D. CHUANG
United States District Judge